**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

IN RE:  Request from the Czech Republic
Pursuant to the Treaty Between the
United States of America and the Czech
Republic on Mutual Assistance in Criminal
Matters in the Matter of Jiri Koblizek          CASE NO. 3:08-mc-001-J-33TEM
_____

**O R D E R**

This matter is before the Court on the United States of America's Application for Order Pursuant to the Treaty on Mutual Assistance in Criminal Matters and 28 U.S.C. §1782 (Doc. #1) filed on January 7, 2008.  The United States of America ("USA") seeks an Order from this Court appointing A. Tysen Duva, Assistant United States Attorney, as Commissioner authorizing him to take the actions necessary, including the issuance of Commissioner's subpoenas, to obtain the evidence requested by the Czech Republic's Central Authority under Article 2 of the Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and the Czech Republic, S. Treaty, Doc. No. 105-47, 1998 WL 1784229 (Treaty signed Feb. 4, 1998).  The request is made as part of a criminal investigation.  The USA also requests that A. Tysen Duva, as Commissioner, be authorized to adopt such procedures, upon receipt of the evidence, as are consistent with the intended use thereof in the Czech Republic.

The USA and the Czech Republic entered into the Treaty for the purpose of promoting judicial cooperation in criminal matters.  The Treaty requires the two states provide assistance to each other in investigations and court proceedings covered by the Treaty.  Specifically, Article 1.1 of the Treaty provides:

> The Contracting States shall provide mutual assistance, in accordance with the provisions of this Treaty, for criminal proceedings, including investigations to verify the commission of offenses, to gather evidence of offenses, and to prosecute offenses, the punishment of which, at the time of the request for assistance, would fall within the jurisdiction of the judicial authorities of the Requesting State. The Contracting States shall also provide such assistance for forfeiture and other proceedings related to criminal offenses.

S. Treaty, Doc. 105-47, Art. 1.1.

On August 1, 2007, the District Prosecuting Attorney's Office in Louny of the Czech Republic sent a request for legal assistance to the United States, requesting assistance in obtaining information and documents from a representative of Software 602, Inc., which is located in Jacksonville, Florida (*see* Doc. #2, Notice of Filing).[1] The sought information relates to alleged copyright infringement and theft of software programs. Czech authorities are investigating Jiri Koblizek for these allegations and Software 602, Inc., reportedly has sustained damages in with lost software.

28 U.S.C. § 1782 also authorizes this Court to order the production of evidence for use in a foreign tribunal. 28 U.S.C. §1782. Notably, the legislative history of 28 U.S.C. § 1782 reveals it was drafted to assist foreign tribunals in resolving foreign disputes, and Congress intended to "strengthen the power of the district courts to respond to requests for international assistance." *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007). Section 1782 provides: "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in

---

[1] The Court notes that the Application (Doc. #1) states a request date of October 3, 2007, but the Notice of Filing (Doc. #2), which contains the a copy of the actual letter requesting assistance, shows a request date of August 1, 2007. As the date is not determinative of this Court's ruling, the Court finds harmless error in any misstatement.

a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." *Id.*

Pursuant to § 1782, a court has authority to grant a request for judicial assistance when the following four requirements are met:

> (1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re: Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (internal citations omitted).

In this matter, each of these requirements are met. A foreign tribunal, specifically the Supreme Public Prosecutor's Office in the Czech Republic, has requested evidence for use in a criminal proceeding, being conducted by the District Attorney's Office of Prague 2, from an entity located in the Middle District of Florida. Thus, § 1782 provides this Court authorization to appoint a Commissioner to gather such evidence on behalf of the Court and to submit the evidence through appropriate channels to the Czech Republic

The Supreme Court, also, has suggested four additional factors a court may consider when exercising its discretion in considering an application pursuant to § 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). The factors noted include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and, (4) whether the request is otherwise "unduly intrusive or burdensome." Id. at 264-65; *see also In re Clerici*, 481 F.3d at 1334 (analyzing these factors and affirming the district court's order granting a discovery application).

Here, the Court finds all four factors weigh in favor of granting the application. The government of the Czech Republic has made the request. The foreign proceedings are criminal in nature and are conducted by the requesting state. The request is straight forward with no appearance of any effort to circumvent discovery policies of either the Czech Republic or the United States. The request is not unduly intrusive or burdensome.

Thus, upon application of the United States, and upon review of the request from the Czech Republic seeking evidence under the Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and the Czech Republic, and the Court having fully considered this matter, **IT IS HEREBY ORDERED:**

1. The United States of America's Application for Order Pursuant to the Treaty on Mutual Assistance in Criminal Matters and 28 U.S.C. §1782 (Doc. #1) is **GRANTED.**

2. Pursuant to the authority conferred by the Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and the Czech Republic, in force March 6, 2000, 28 U.S.C. § 1782, and this Court's inherent authority, that persons within the jurisdiction of this Court shall be required to provide testimony and produce documents and other things in accordance with the Treaty Request of October 3, 2007, without notice to the target or defendant in the foreign criminal proceedings, and that A. Tysen Duva is

appointed a Commissioner of this Court: to take such steps as are necessary, including the issuance of Commissioner's subpoenas, to obtain the evidence requested by the Czech Republic; to adopt such procedures for the receipt of the evidence as are consistent with the use of the evidence within the Czech Republic; to seek such further orders of the Court as are necessary to execute this request; to certify the testimony and documents obtained and to submit the evidence to the Office of International Affairs, United States Department of Justice, for transmission to the Czech Republic; and to take all lawful actions that may be necessary for the accomplishment of the purposes of this Order.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of January, 2008.

Copies to:

U.S. Attorney (Duva)

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge